542 So.2d 11 (1989)
FIRST FEDERAL SAVINGS AND LOAN OF WARNER ROBINS, GEORGIA
v.
Francis DISIERE, Individually and doing business as Disiere Agency, David Disiere, and Employers Reinsurance Corp.
No. 88-CA-1812.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1989.
Rehearing Denied May 17, 1989.
*12 Russ M. Herman, Steven J. Lane, Donald H. Grodsky, Herman, Herman, Katz & Cotlar, New Orleans, for plaintiff-appellee.
Jack M. Alltmont, Alan D. Ezkovich, Sharon C. Mize, Sessions, Fishman, Boisfontaine, Nathan, Winn, Butler & Barkley, New Orleans, and Phillip A. Wittman, Stephen G. Bullock, Stone, Pigman, Walther, Wittmann & Hutchinson, for defendants-appellants.
Before GARRISON, ARMSTRONG and BECKER, JJ.
GARRISON, Judge.
On August 5, 1987, the plaintiff/appellee First Federal Savings and Loan of Warner Robins, Georgia, filed a petition for damages in Orleans Parish against the defendants/appellants, Francis Disiere, Individually and Doing Business as Disiere Agency, David Disiere and Employers Reinsurance Corporation for alleged misrepresentations and fraud concerning the issuance of certain insurance premiums covering a hotel located in New Orleans, Louisiana. This suit seeks return of all premiums paid on policies of insurance covering this hotel which was mortgaged to appellee.
The appellant insurance agency's principal place of business is in Caddo Parish, Louisiana. The appellee bank is based in Georgia and holds a first mortgage on the aforementioned New Orleans hotel and an insurable interest therein.
Appellants filed an exception of improper venue claiming that because appellee failed to allege that any of the alleged wrongful conduct occurred in Orleans Parish or that any damages were sustained in same, venue is not proper in Orleans Parish according to LSA-C.C.P. art. 74. Appellants argue that the proper venue in this case is Caddo Parish. The trial court overruled this exception. Subsequently, appellants filed an application for supervisory writs in this court as well as a motion for appeal.
On August 24, 1988, in 88-C-1442, this court denied appellant's writ application stating:
"The trial court did not err in its ruling below."
Appellee has now filed a motion to dismiss appellants' appeal arguing that a judgment overruling a venue exception is not appealable and that the writ denial by this court constitutes a res judicata bar to this appeal.
Appellee's assertion that a judgment overruling a venue exception is not appealable is not entirely correct. Although such a judgment is interlocutory and, therefore, more appropriately reviewable by way of supervisory writs, this court has considered the merits of appeals from such rulings, if there is no prior writ disposition, *13 because of the possibility of irreparable injury occurring from an erroneous trial court ruling. Lapeyrouse v. United Services Automobile Association, 503 So. 2d 627 (La.App. 4th Cir.1987), citing Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). However, in this case, the merits of the trial court judgment overruling appellants' exception of improper venue have already been reviewed by this court by way of supervisory writs. This court exercised its supervisory jurisdiction, examined the merits of the writ and determined that the trial judge correctly overruled appellants' exception of improper venue.
In appellants' appeal of the same issue addressed in the above-mentioned writ application, we find nothing to indicate that our prior ruling that the trial court correctly overruled appellants' exception of improper venue was erroneous. Therefore, we hold that ruling to be the "law of the case" on that issue. It has been held that this principle applies to all decisions of an appellate court and not merely those arising from the full appeal process. Mihalopoulos v. Westwind Africa Line, Ltd., 511 So.2d 771 (La.App. 5th Cir.1987); Brumfield v. Dyson, 418 So.2d 21 (La.App. 1st Cir.1982), writ denied at 422 So.2d 162 (La.1982).
One of the reasons for application of the "law of the case" rule is to avoid indefinite relitigation of the same issue. Henry v. Ford Motor Company, Inc., 519 So.2d 845 (La.App. 4th Cir.1988), citing Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). This is precisely what is being attempted in this appeal. Because this court has examined the merits of a writ application on the same issue and involving the same parties as the instant appeal and found the trial court's ruling to be correct, appellants cannot relitigate this same issue by way of appeal.
The "law of the case" doctrine should not be applied where to do so would accomplish an obvious injustice, or where the former appellate decision was clearly, palpably or manifestly erroneous. Brumfield, supra. We find none of the above to be the case in this instance and we decline to reconsider appellants' exception of improper venue any further.
For the reasons stated above, the appellants' appeal is dismissed at its costs.
APPEAL DISMISSED.