727 So.2d 691 (1999)
Gayle Louise SCHULTZ, etc., Plaintiff-Appellant,
v.
Wavy H. DOYLE, et al., Defendant-Appellee.
No. 98-1113.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
Rehearing Denied March 10, 1999.
Mark Christopher Landry, Metairie, for Gayle Louise Schultz, etc.
Robert G. Nida, Alexandria, for Wavy H. Doyle, et al.
Before THIBODEAUX, AMY and SULLIVAN, Judges.
AMY, Judge.
In this matter concerning the enforcement of a foreign judgment in Louisiana pursuant to the Uniform Enforcement of Foreign Judgments Act, the plaintiff asks this court to review the trial court's order granting the defendants' request to enjoin the sheriff's sale of their home pursuant to a writ of fieri facias. Further, the plaintiff appeals the trial court's issuance of the preliminary injunction without bond. Finding that these issues have been previously considered in a writ *692 application to this court, and, further, finding no error in our disposition of that writ, we affirm the ruling of the lower court.

Factual and Procedural Background
This appeal arises out of a Texas domestic dispute between the plaintiff, Gayle Louise Schultz, formerly known as Gayle Louise Doyle, and her former husband, Jerry Wayne Doyle. On February 20, 1996, in her third amended counter-petition for divorce brought in the Texas proceedings, Plaintiff alleged that her former husband had conspired with his parents, Defendants Wavy H. Doyle and Era L. Doyle, to conceal community assets from Plaintiff, thereby defrauding her of her interest in the community. According to Plaintiff, the basis of this allegation was her former husband's purported act of wiring money from their bank account into his parents' account in an effort to hide it from her.
Defendants were served with process pursuant to Texas law, and, on March 7, 1996, Defendants appeared through counsel and filed a special appearance and general denial, in which they contested personal jurisdiction over them in Texas. However, Defendants subsequently filed a motion to withdraw that special appearance and, further, requested sanctions against Plaintiff. On September 13, 1996, Defendants' counsel filed a motion to withdraw as their counsel of record, which motion was granted. In that motion, Defendants were informed of the impending trial date and were also given an opportunity to contest the motion. In response, Defendants consented to the motion for withdrawal by letter, which letter is attached to the order granting the withdrawal. The Texas trial was held on October 21, 1996, and, although Defendants had been informed of that trial date, they failed to appear. Judgment was rendered in that matter, awarding Plaintiff $100,000 in punitive damages against her former husband and Defendants, as well as attorney's fees. Defendants subsequently filed a motion for new trial, but this motion was denied by the Texas trial court.
On January 26, 1998, the Louisiana proceedings in this matter began. On that date, Plaintiff filed a petition in which she sought to file and make executory the Texas judgment. In filing that petition, Plaintiff was proceeding under the Uniform Enforcement of Foreign Judgments Act, found at La.R.S. 13:4241 et seq. The return receipt found within the record indicates that Defendants received notice of the filing pursuant to La. R.S. 13:4243 on January 29, 1998. Defendants responded by filing an answer and reconventional demand, as well as an alternative motion, in which motion they incorporated by reference those defenses and grounds asserted in their answer and reconventional demand. Those defenses were directed at annulling and vacating the Texas judgment. On March 6, 1998, Plaintiff filed a motion for an order recognizing the Texas judgment. On March 9, 1998, the trial court issued an order whereby it "recognize[d] as its own" the Texas judgment. That order further stated that execution would issue on the Texas judgment "as it would on a judgment of a court of this state." On March 11, 1998, Defendants filed an opposition to Plaintiff's motion for the entry of an ex parte order recognizing the Texas judgment in which they stated that invoking La. R.S. 13:4241 "does not make the proceeding other than an ordinary proceeding." On March 12, 1998, Plaintiff requested the issuance of a writ of fieri facias, so as to enable her to seize Defendant's home in satisfaction of her Texas judgment. This request was filed on March 16, 1998. Additionally, on those same dates, Plaintiff requested the recordation of a certified copy of the Texas judgment along with the Louisiana order in the Rapides parish mortgage records. Notice of seizure was filed on March 27, 1998, with the signed sheriffs return of the notice of seizure being filed on March 30, 1998. On April 13, 1998, Defendants filed a petition in which they sought the annulment of the Louisiana order, as well as injunctive relief. On May 4, 1998, the trial court issued an order recalling and vacating its March 9, 1998 order recognizing the Texas judgment. In that May 4, 1998 order, the court stayed the "recognition and enforcement of the Texas judgment ... pending a hearing on the issue of whether the Texas judgment is entitled to full faith and credit" in Louisiana. On May 6, 1998, the trial court granted Defendants' request for a preliminary injunction, and thereby enjoined *693 the Rapides Parish Sheriff from selling Defendants' home. Additionally, the court ordered the writ of fieri facias revoked and the order of seizure and sale canceled from the public records. In granting the injunction, the court further dispensed with the posting of security. Additionally, the trial court denied Plaintiffs exceptions of no cause of action and prescription, as well as her motion to strike Defendants' answer, reconventional demand, and request for jury trial. This judgment was filed on May 12, 1998. On May 18, 1998, Plaintiff noticed her intent to apply for writs to this court, seeking review of both the trial court order dated May 4, 1998, and the judgment signed on May 6, 1998. On May 20, 1998, Plaintiff perfected the instant appeal.
In this appeal, Plaintiff presents the following assignments of error for our review:
1. The trial court vacated its March 9, 1998, order allowing Ms. Schultz to execute the Texas judgment, granted a preliminary injunction enjoining the sheriff from executing the judgment, recalled the writ of fieri facias, and ordered the notice of seizure cancelled [sic]. Was this error?
2. The trial court issued the preliminary injunction without bond. Was this error?

Discussion
On June 2, 1998, Plaintiff applied for writs of certiorari and mandamus to this court, presenting the following specifications of error for our review:
1. The trial court vacated its March 9, 1998, order allowing Ms. Schultz to execute the Texas judgment, granted a preliminary injunction enjoining the sheriff from executing the judgment, recalled the writ of fieri facias, and ordered the notice of seizure cancelled [sic]. Was this error?
2. The trial court issued the preliminary injunction without bond. Was this error?
3. The trial court failed to grant Ms. Schultz's Motion to Strike, directed to the Answer and Reconventional Demand. Was this error?
4. The trial court failed to grant the alternative exception of prescription, as to the reconventional demand, when the cause of action, alleged to arise under the Civil Rights Act, accrued more than a year prior to the filing of the reconventional demand. Was this error?
5. The trial court failed to grant the alternative exception of no cause of action, directed to the reconventional demand, where there was no allegation in the reconventional demand that the underlying proceeding was terminated in favor of the Doyles. Was this error?
6. The trial court failed to grant plaintiff's Motion to Strike, insofar as it pertains to the jury trial demand. Was that error?
In ruling upon the writ, this court granted Plaintiffs writ in part, ordering that Defendants' reconventional demand be stricken from the record. However, finding no error in the district court's ruling as to the other issues, we denied the writ. For the following reasons, we now hold that our finding that there was no error in the trial court's ruling as to those issues is the law of the case.
The supreme court has defined the doctrine of the law of the case as follows:
The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.
Petition of Sewerage & Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973). This court has further explained the law of the case doctrine as follows:
The law of the case doctrine "recognizes the binding force of trial court rulings during later stages of the trial...." Pitre v. Louisiana Tech University, 26,388, p. 1 (La.App. 2 Cir. 5/10/95); 655 So.2d 659, 664, writs granted, 95-1466, 95-1487 (La.10/6/95); 661 So.2d 454, reversed on merits, 95-1466, 95-1487 (La.5/10/96); 673 So.2d 585; see also Day v. Campbell-Gros-jean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). The reasons for this doctrine are: (1) avoidance of indefinite litigations; (2) consistency of results in same litigation; (3) essential fairness *694 between the parties; and, (4) judicial efficiency.

Johnson v. Acadiana Ry. Co., 96-263 (La. App. 3 Cir. 4/16/97); 693 So.2d 226, 228-29. See also Louisiana Land and Exploration Co. v. Verdin, 95-2579 (La.App. 1 Cir. 9/27/96); 681 So.2d 63, writ denied, 96-2629 (La.12/13/96); 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997). ... "[T]he doctrine is discretionary and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous." Trans Louisiana Gas Co. v. Louisiana Ins. Guar. Ass'n, 96-1477 (La.App. 1 Cir. 5/9/97); 693 So.2d 893, 896.
Ducote v. City of Alexandria, 97-947, p. 3 (La.App. 3 Cir. 2/4/98); 706 So.2d 673, 674-675, writ not considered, 98-1048 (La.5/29/98); 719 So.2d 1275. Moreover, the doctrine applies with equal force to writ decisions as it does to judgments rendered at the conclusion of the appellate process. See First Federal Savings & Loan of Warner Robins, Georgia v. Disiere, 542 So.2d 11 (La.App. 4 Cir.), writ denied, 548 So.2d 311 (La.1989).
In this appeal, Plaintiff contests the same trial court rulings that she presented for our review in her prior writ application. We have reviewed both the record presented in this appeal and the applicable law, and, having performed this review, we find no error in our disposition of Plaintiffs writ application.
Plaintiff sought to make the Texas judgment executory here in Louisiana by proceeding under the Uniform Enforcement of Foreign Judgments Act, found at La.R.S. 13:4241 et seq., which Act provides an alternative method for making foreign judgments executory in Louisiana.[1] La.R.S. 13:4242 specifies the method for and the effect of filing the foreign judgment in Louisiana as follows:
A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be annexed to and filed with an ex parte petition complying with Code of Civil Procedure Article 891 and praying that the judgment be made executory in a court of this state. The foreign judgment shall be treated in the same manner as a judgment of a court of this state. It shall have the same effect and be subject to the procedures, and defenses, for reopening, vacating, or staying as a judgment of a court of this state and may be enforced in the same manner. (Emphasis added.)
Plaintiff filed her petition seeking to file and make executory the Texas judgment on January 26, 1998. Additionally, On March 6, 1998, Plaintiff filed a motion requesting the trial court to recognize the Texas judgment. That order recognizing the Texas judgment was issued on March 9, 1998, and specifically provided "that execution issue on said judgment as it would on a judgment of a court of this state." Three days later, on March 12, 1998, Plaintiff requested the issuance of a writ of fieri facias to enable her to execute on the judgment.
Pursuant to the Uniform Enforcement of Foreign Judgments Act, we are directed to treat the Texas judgment in the same manner as we would treat a Louisiana judgment. This directive includes the need for our application of Louisiana's appeal delays to the Texas judgment, once it has been recognized by a Louisiana court. Accordingly, pursuant to La.Code Civ.P. art. 2123,[2] *695 Plaintiff was required to wait until the delays for taking a suspensive appeal had elapsed before she executed upon the judgment. See also Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La.1976). However, by prematurely requesting the issuance of the writ of fieri facias, she failed to comply with this requirement. Consequently, we find that the trial court correctly enjoined the sheriff's sale of Defendants' residence, as "the sheriff [was] proceeding with the execution contrary to law" under La.Code Civ.P. art. 2298(1).
Additionally, we observe that the grant of the preliminary injunction would also have been proper under La.Code Civ.P. art. 3601,[3] as Defendants demonstrated that they would have suffered irreparable injury had the sheriff sold their home.
Regarding the propriety of the trial court's order granting the preliminary injunction without bond, we find that, unlike La.Code Civ.P. art. 3610,[4] La.Code Civ.P. art. 2298 does not expressly require that security be posted.[5] That article provides, in pertinent part:
Injunctive relief prohibiting the sheriff from proceeding with the sale of property seized under a writ of fieri facias shall be granted to the judgment debtor or to a third person claiming ownership of the seized property:
(1) When the sheriff is proceeding with the execution contrary to law.
We, therefore, find no error in the trial court's order dispensing with the posting of security. While we are mindful that La.Code Civ.P. art. 3612 provides for an appeal, "as a matter of right," from an order relating to a preliminary injunction, we find no error in our rulings on Plaintiff's assignments of error in our prior writ disposition. Accordingly, we find the doctrine of the law of the case to be applicable.

DECREE
For the foregoing reasons, finding the doctrine of the law of the case to be applicable, we affirm the decision of the lower court. All costs associated with this appeal are assigned to the plaintiff, Gayle Louise Schultz.
AFFIRMED.
NOTES
[1] La.Code Civ.P. art. 2541 provides the following mechanism for enforcing a foreign judgment in Louisiana:

A. A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States or a territory thereof, or of any other state, or of any foreign country may either seek enforcement pursuant to R.S. 13:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court.
B. In the latter case, a duly authenticated copy of the judgment or decree must be annexed to the petition.
[2] La.Code Civ.P. art. 2123 provides, in pertinent part, as follows:

A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for new trial or judgment notwithstanding the verdict, as provided under Article 1914.
[3] La.Code Civ.P. art. 3601 provides, in pertinent part:

An injunction shall issue in cases where irreparable injury, loss or damage may otherwise result to the applicant, or in other cases specifically provided by law....
[4] La.Code Civ.P. art. 3610 provides as follows:

A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained.
[5] Additionally, La.Code Civ.P. art. 2298 provides for the availability of damages for wrongful seizure as follows:

In the event injunctive relief is granted to the judgment debtor or third party claiming ownership of the seized property, if the court finds the seizure to be wrongful, it may allow damages. Attorney's fees for the services rendered in connection with the injunction may be included as an element of the damages.