J^DOUCET, Chief Judge.
UDS Management Corporation (UDS) appeals the trial court’s judgment finding it subject to the Louisiana Public Record Law as well as the court’s finding that the Plaintiffs suit was filed in the appropriate venue.
In 1977, the Sabine Parish Police Jury created the Ebarb Water Works District (Ebarb) to provide water service to certain parts of the parish, in accordance with the provisions of La.R.S. 33:3811[1]. In 1987, Ebarb entered an “Operation and | ¡Management Agreement” with UDS, whereby it was agreed that UDS would be the sole operator and manager of Ebarb’s utility service.
In October 1998, Don M. Burkett, the District Attorney for Sabine Parish, filed this suit under the Louisiana Public Record Law, La.R.S. 44:1-430 seeking access to “[a]ll customer records, financial records, service records and any other records of any kind pertaining to the EBARB WATER DISTRICT” in the custody of UDS. Named as defendants were UDS and the Ebarb Water District. UDS filed various exceptions including an exception of improper venue. The court denied the exception of venue and that ruling was upheld by this court upon application for writ of review. UDS answered the Plaintiffs petition in November 1998 in the form of a general denial. On November 13, 1998, the matter was tried by summary proceeding on stipulations by the parties. The trial court ruled that “the records of Ebarb Water District held by, or in the *840 possession of UDS Management Corporation and/or John Jeff Pruitt are public records.” The court ordered that the Plaintiff be provided access to and copies of those records. UDS appeals both that ruling and the court’s denial of its exception to venue.
ACCESS TO RECORDS
UDS contends that because it is a private for-profit corporation not receiving public funds, its records are not subject to disclosure under the Louisiana Public Records Law.
UDS argues that because no Louisiana Court has ever held the records of a private corporation to be subject to public inspection, this court may not now do so. However, we find no statutory or jurisprudential prohibition of such an order, if other | afactors allowing inspection are present. However, after reviewing the record, we find that we need not reach this issue at this time.
It is undisputed that Ebarb is a public body. This being so, there is no question that Ebarb is subject to the Louisiana Public Records Law. La.R.S. 44:1, which contains the definitions applicable to the Louisiana Public Records Law, states in pertinent part:
All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are “public records,” except as otherwise provided in this Chapter or as otherwise specifically provided by law.
After reviewing the record and the management contract, we conclude that UDS is a private corporation which manages Ebarb’s accounting and billing. Further, pursuant to the management contract, the records of the Ebarb Water District are physically kept by UDS in Monroe, Louisiana.
In Alliance for Affordable Energy v. Frick, 96-1763, p. 7-8, 10 (La.App. 4 Cir. 5/28/97), 695 So.2d 1126, 1132-33 (first emphasis added), the court stated that:
A custodian of public records has a statutory duty to provide immediate access to records that are available. La. R.S. 44:31 and 32; Treadway v. Jones, 583 So.2d 119, 121 (La.App. 4th Cir. 1991). Access to such records can be denied only when a law specifically provides otherwise. Treadway v. Jones, 583 So.2d at 121. The custodian may separate the nonpublic record and make the public record available for examination. La. R.S. 44:32(B). In any suit under the Public Records Law the custodian must support his action. La. R.S. 44:35(B).
[[Image here]]
. The custodian may not avoid its responsibility to control public records by transferring physical possession to another. In Times-Picayune Publishing Co. v. Johnson, 645 So.2d 1174, the defendant legislators argued that they did not have custody of the requested records because they had transferred possession to Tulane University. This Court rejected that argument because the legislators were required by law to maintain the records for three years and therefore had “control” of the documents. Moreover,
*841 Although La. R.S. 44:1(A)(3) ... permits transfer of the physical custody to another, this does not mean legislators can avoid their responsibility to control their public records merely by transferring physical custody to another. [Emphasis in original.]
Id. at 1176.
The records sought are in actuality the records of the Ebarb Water System, not those of UDS. As such, they are public records as defined by La.R.S. 44:1. Therefore, public access must be allowed. VENUE
In this appeal, UDS contests a trial court judgment as to venue that we previously considered in a writ application. We find no error in our prior ruling on the writ application.
The supreme court has defined the doctrine of the law of the case as follows:
The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.
Petition of Sewerage & Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973). This court has further explained the law of the case doctrine as follows:
The law of the case doctrine “recognizes the binding force of trial court rulings during later stages of the trial ...” Pitre v. Louisiana Tech University, 26,388, p. 1 (La.App. 2 Cir. 5/10/95); 655 So.2d 659, 664, writs granted, 95-1466, 95-1487 (La.10/6/95), 661 So.2d 454, reversed on merits, 95-1466, 95-1487 (La.5/10/96), 673 So.2d 585; see also Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). The reasons for this doctrine are: (1) avoidance of indefinite litigations; (2) consistency of re-suits in same litigation; (3) essential fairness between the parties; and, (4) judicial efficiency.
Johnson v. Acadiana Ry. Co., 96-263 (La.App. 3 Cir. 4/16/97), 693 So.2d 226, 228-29. See also Louisiana Land and Exploration Co. v. Verdin, 95-2579 (La.App. 1 Cir. 9/27/96), 681 So.2d 63, writ denied, 96-2629 (La.12/13/96), 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997).... “[T]he doctrine is discretionary and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous.” Trans Louisiana Gas Co. v. Louisiana Ins. Guar. Ass’n, 96-1477 (La.App. 1 Cir. 5/9/97), 693 So.2d 893, 896.
Ducote v. City of Alexandria, 97-947, p. 3 (La.App. 3 Cir. 2/4/98), 706 So.2d 673, 674-675, writ not considered, 98-1048 (La.5/29/98), 719 So.2d 1275. Moreover, the doctrine applies with equal force to writ decisions as it does to judgments rendered at the conclusion of the appellate process. See First Federal Savings & Loan of Warner Robins, Georgia v. Disiere, 542 So.2d 11 (La.App. 4 Cir.), writ denied, 548 So.2d 311 (La.1989).
Schultz v. Doyle, 98-1113, p. 5-6 (La.App. 3 Cir. 2/3/99), 727 So.2d 691, 693-94.
For the following reasons, we now hold that our finding as to venue on the writ application is the law of the case.
As we have stated, Ebarb is a public body. Its records are held by UDS pursuant to a management contract. Although La.R.S. 44:1(A)(3) includes in its definition of a custodian a “representative specifically authorized by him to respond to requests to inspect any such public records,” UDS has not provided any evidence to prove that they have been so authorized. Therefore, Sabine Parish, the domicile of Ebarb, is the appropriate venue in which to pursue a suit to gain access to these records. Accordingly, we find no *842 error in our disposition of the writ in this matter.
^CONCLUSION
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Appellant, UDS.
AFFIRMED.

. La.R.S. 33:3811 provides in pertinent part:
Police juries may divide their respective parishes into one or more waterworks districts, with such name or numbers as the police jury may designate. The police jury may repeal any ordinance creating a waterworks district, or may abolish a waterworks district in its entirety or may change or alter the boundaries thereof; provided, however, that neither the existence nor the territorial boundaries of a waterworks district shall be changed in any manner which shall impair any obligations that may have been incurred by the waterworks district during the period of its existence.