769 So.2d 110 (2000)
Jack KALEEL, et al.
v.
DIVISION TRANSPORT, et al.
No. 00-803-CA.
Court of Appeal of Louisiana, Third Circuit.
August 23, 2000.
Rehearing Denied September 27, 2000.
Writ Denied December 15, 2000.
J. Craig Jones, Oakdale, LA, Matthew E. Lundy, David H. Hanchey, Lundy & Davis, Lake Charles, LA, for plaintiffs/appellees.
Richard M. Simses, Abbott, Simses, Knister & Kuchler, Houston, TX, for defendants/appellants.
(Court composed of JOHN D. SAUNDERS, MICHAEL G. SULLIVAN, and GLENN B. GREMILLION, Judges).
GREMILLION, Judge.
On April 6, 2000, defendants/appellants filed a motion for appeal from the trial court's judgment certifying this case as a class action. On May 12, 2000, defendants/appellants filed an application for supervisory writs from the same judgment. On May 31, 2000, a panel of this court denied defendants' writ application finding no error in the trial court's ruling certifying this case as a class action.
Plaintiffs/appellees have filed a motion to dismiss defendants/appellants' appeal on the basis that the certification judgment is interlocutory in nature, and not appealable absent a showing of irreparable injury. Plaintiffs/appellees further assert defendants/appellants cannot demonstrate irreparable injury since this court has reviewed the judgment on writs, and denied writs finding no error in the trial court's judgment. Defendants/appellants assert they will suffer irreparable harm if this court does not review the judgment on appeal as review by appeal differs from review by writs. Defendants/appellants argue this court should review the matter on appeal as the entire record is reviewed on an *111 appeal, whereas, the entire record is not reviewed on writs.
In a reply brief in support of the motion to dismiss, plaintiffs/appellees assert this court's decision on defendants/appellants' writ application should be considered "law of the case," thereby precluding review of the same issue on appeal. In support of such proposition, plaintiffs/appellees cite this court decision in Schultz v. Doyle, 98-1113 (La.App. 3 Cir. 2/3/99); 727 So.2d 691. In Schultz, supra, the plaintiff applied for writs from a judgment of the trial court. This court granted plaintiff's writ in part, and denied the remainder of the writ. Plaintiff then sought an appeal from the same judgment. This court found the doctrine of "law of the case" applicable. In so finding, this court stated:
The supreme court has defined the doctrine of the law of the case as follows:
The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.

Petition of Sewerage & Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973). This court has further explained the law of the case doctrine as follows:
The law of the case doctrine "recognizes the binding force of trial court rulings during later stages of the trial...." Pitre v. Louisiana Tech University, 26,388, p. 1 (La.App. 2 Cir. 5/10/95); 655 So.2d 659, 664, writs granted, 95-1466, 95-1487 (La.10/6/95); 661 So.2d 454, reversed on merits, 95-1466, 95-1487 (La.5/10/96); 673 So.2d 585; see also Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105, The reasons for this doctrine are: (1) avoidance of indefinite litigations; (2) consistency of results in same litigation; (3) essential fairness between the parties; and, (4) judicial efficiency.

Johnson v. Acadiana Ry. Co., 96-263 (La.App. 3 Cir. 4/16/97); 693 So.2d 226, 228-29. See also Louisiana Land and Exploration Co. v. Verdin, 95-2579 (La. App. 1 Cir. 9/27/96); 681 So.2d 63, writ denied, 96-2629 (La.12/13/96); 692 So.2d 1067, cert. denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997) .... "[T]he doctrine is discretionary and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous." Trans Louisiana Gas Co. v. Louisiana Ins. Guar. Ass'n, 96-1477 (La.App. 1 Cir. 5/9/97); 693 So.2d 893, 896.

Ducote v. City of Alexandria, 97-947, p. 3 (La.App. 3 Cir. 2/4/98); 706 So.2d 673, 674-675, writ not considered, 98-1048 (La.5/29/98); 719 So.2d 1275. Moreover, the doctrine applies with equal force to writ decisions as it does to judgments rendered at the conclusion of the appellate process. See First Federal Savings & Loan of Warner Robins, Georgia v. Disiere, 542 So.2d 11 (La. App. 4 Cir.), writ denied, 548 So.2d 311 (La.1989).
In this appeal, Plaintiff contests the same trial court rulings that she presented for our review in her prior writ application. We have reviewed both the record [98-1113 La.App. 3 Cir. 7] in this appeal and the applicable law, and, having performed this review, we find no error in our disposition of Plaintiff's writ application.
As in Schultz, supra, this court finds no error in its denial of defendants/appellants' writ application, and finds the "law of the case" doctrine to be applicable. Accordingly, plaintiffs/appellees' motion to dismiss defendants/appellants' appeal is hereby granted as this court has previously reviewed the trial court's judgment certifying this case as a class action on writs and found no error in such judgment.
*112 MOTION GRANTED. APPEAL DISMISSED.