772 So.2d 370 (2000)
Estelle Mary GRIFFIN
v.
Randy Gene CAMPBELL.
No. 00-00468.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
*371 Alfred Frem Boustany, II, Attorney At Law, Lafayette, Counsel for Estelle Mary Griffin.
Roger Chadwick Edwards, Jr., Edwards & Edwards, Abbeville, Counsel for Randy Gene Campbell.
Angela Faye Lockett, Dept. of Revenue, Baton Rouge, Counsel for State of La., Dept. of Revenue.
John Clay Lejeune, Dept. of Social Services, Lafayette, Counsel for Estelle Mary Griffin, Dept. of Social Services, Office of Support Enforcement.
(Court composed of Chief Judge NED E. DOUCET Jr., Judge OSWALD A. DECUIR, and Judge ELIZABETH A. PICKETT.)
DECUIR, Judge.
Randy Campbell appeals the judgment of the trial court awarding a retroactive increase in child support and arrearages to Estelle Griffin. He contends the trial court erred in denying his motion to declare Griffin's suit abandoned, in failing to maintain his exception of no right of action which was based on the fact that Campbell's son has reached majority, in rendering judgment without an indispensable party, and in rendering judgment ex parte without a trial on the merits. He argues the proceedings below were violative of due process and the judgment rendered must be reversed. For the following reasons, we reverse.
These proceedings to increase child support were initiated in 1992 by Estelle Griffin. At the time, Campbell was paying $50.00 per month in child support. After a hearing on December 7, 1992, Campbell's support obligation was increased to $100.00 per month. Griffin appealed, and this court reversed and remanded, citing the trial court's failure to apply the Child Support Guidelines, La.R.S. 9:315 et seq. See Griffin v. Campbell, unpublished opinion No. 93-508 (La.App. 3 Cir. 12/8/93).
During the pendency of the first appeal, the Office of Support Enforcement for Louisiana's Department of Social Services moved to have the judgment amended to name the Office as payee of the judgment. Three weeks later, the Office filed a contempt motion on Griffin's behalf. Both motions were granted. Subsequently, the decision of this court referred to above was rendered and the case was remanded. Neither Griffin nor the Office of Support Enforcement, which had indicated by its pleadings that it was undertaking the prosecution on Griffin's behalf, proceeded to have this matter reset for hearing pursuant to remand until 1998, four years and seven months after the 1993 appellate decision. The record shows that during this time, Campbell paid the increased child support amount of $100.00 per month.
Campbell initially sought to have the motion to reset for hearing dismissed pursuant to the provisions of La.Code Civ.P. art. 561(A)(1), which define an action as abandoned "when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." Griffin responded by arguing that the 1992 version of the abandonment statute should apply in this case; it provided for a five year period of inaction before a case will be deemed abandoned. She also urged two exceptions to the abandonment statute: first, that her failure to prosecute was due to circumstances beyond her control, and second, that Campbell waived his right to plead abandonment by moving for a continuance.
*372 Prior to 1997, the abandonment statute provided for a period of five years rather than three; the effective date of the amendment was July 1, 1998, and was specifically declared by the legislature to "apply to all pending actions." The supreme court has upheld the retroactivity of the 1997 amendment in Theisges v. Boudreaux, 99-1458 (La.7/2/99), 747 So.2d 4 and Bourgeois v. Veal, 99-0786 (La.5/7/99), 740 So.2d 1291. For reasons not articulated by either court, both this court and the supreme court denied writs on Campbell's application to review the trial court's denial of his motion to dismiss. See Griffin v. Campbell, unpublished opinion No. W99-527 (La.App. 3 Cir. 5/7/99) and Griffin v. Campbell, 99-1392 (La.6/2/99), 743 So.2d 1242.
In Schultz v. Doyle, 98-1113, p. 4 (La.App. 3 Cir. 2/3/99), 727 So.2d 691, 694; writ denied, 99-0994 (La.5/28/99), 743 So.2d 670, this court discussed appellate review of a previously issued writ denial. We described the law of the case doctrine as discretionary and stated that it "`should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous.' Trans Louisiana Gas Co. v. Louisiana Ins. Guar. Ass'n, 96-1477 (La.App. 1 Cir. 5/9/97), 693 So.2d 893, 896." See also Burkett v. UDS Management Corp., 99-82 (La.App. 3 Cir. 6/2/99), 741 So.2d 838; writ denied, 99-1970 (La.10/15/99), 748 So.2d 1150. Accordingly, we are not constrained by the prior rulings of this court and the supreme court and will therefore revisit the abandonment issue raised again by Campbell in this appeal.
Addressing first the retroactivity of the amendment to La.Code Civ.P. art. 561, we find the supreme court jurisprudence determinative of the issue. In the Bourgeois case, the court granted writs and stated:
Acts 1997, No. 1221 Section 2, provides that the amendment to La .Code Civ. P. art. 561 providing for a three year period of abandonment "shall become effective on July 1, 1998 and shall apply to all pending actions." Plaintiff failed to take any action in the suit for the three years before July 1, 1998, causing the suit to become abandoned on that date.
Id. at 1291. In the instant case, neither Griffin nor the Office of Support Enforcement on her behalf had taken any action in the case during the three years prior to July 1, 1998, which caused the suit to become abandoned on that date, presuming that none of the exceptions to abandonment are applicable herein.
Griffin's main argument on the question of exceptions to Article 561 is that her failure to pursue her claim was due to circumstances beyond her control. Initially, she suggests that the district court should have scheduled sua sponte an evidentiary hearing pursuant to this court's remand. Rule 18 of the local rules for the Fifteenth Judicial Court, however, provides for matters to be fixed for trial or hearing "on oral or written motion made in Open Court or in chambers, or by oral or written request to the Clerk of Court." She also contends that the Office of Support Enforcement should have proceeded in her stead. While we agree that the Office, which was never substituted as the party plaintiff, failed in its representation of Griffin, we do not agree that such inaction inures to the benefit of the named plaintiff who could have proceeded on her own, and in fact ultimately did so, albeit untimely. These circumstances do not warrant the application of an exception to the principles of abandonment.
Nor do we find merit in Griffin's argument that Campbell's request for a continuance constitutes a waiver of the right to plead abandonment. In Oliver v. Oliver, 95-1026 (La.App. 3 Cir. 3/27/96), 671 So.2d 1081, we held that a motion to continue will not be considered a step in the prosecution because such a motion is not intended to hasten the matter to judgment. Similarly, in this case, Campbell's request in proper person and in open court *373 for a continuance so that he could hire an attorney did not defeat his right to plead abandonment.
For the foregoing reasons, we find that Griffin abandoned her action to increase child support, and we dismiss it pursuant to La.Code Civ.P. art. 561. Ordinarily, our dismissal would be without prejudice, but because the child whose support was originally at issue is now over the age of nineteen, Griffin is no longer entitled to receive support on his behalf. Our decision on the question of abandonment pretermits consideration of the other issues raised by Campbell in this appeal.
The judgment of the trial court is hereby reversed at Griffin's cost.
REVERSED.