NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-864

GENE BORDELON, JR., ET AL.

VERSUS

CUTTING EDGE, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2012-8784-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

DAVID KENT SAVOIE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and David Kent Savoie, Judges.

AFFIRMED.

Genovese, J., concurs in part, dissents in part, and assigns written reasons.

**Douglas Lanaux Grundmeyer**
**Derek Anthony Walker**
**Chaffe McCall, L.L.P.**
**1100 Poydras St., Suite 2300**
**New Orleans, LA 70163-2300**
**(504) 585-7000**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **CMHC, Inc.**
     **Leona Hayes**
     **Cutting Edge**

**Ian Alexander Macdonald**
**Jones Walker**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 593-7600**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **CMHC, Inc.**
     **Leona Hayes**
     **Cutting Edge**

**Brian M. Caubarreaux**
**Robert M. Marionneaux, Jr.**
**Emily G. Meche**
**Brian Caubarreaux & Associates**
**P. O. Box 129**
**Marksville, LA 71351**
**(318) 253-0900**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Gene Bordelon, Jr.**
     **Rhonda Mayeux**

**SAVOIE, Judge.**

After a jury trial, plaintiff, Gene Bordelon, was awarded $2,325,000 in damages. Defendants, Cutting Edge, CMHC, Inc. and Leona Hayes, now appeal the jury verdict. In his Answer to Appeal, Gene Bordelon requests the judgment be modified to increase the amount of general damages from $0 to $50,000 for permanent scarring and disfigurement. For the following reasons, we affirm.

## ASSIGNMENTS OF ERROR

1. The jury manifestly erred by concluding that plaintiff proved medical causation.

2. The district court prejudicially erred by excluding the testimony and report of defendants' expert in biomechanics.

3. The jury abused its discretion in awarding grossly excessive damages.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Gene Bordelon, was involved in a rear-end collision with Leona Hayes on April 27, 2012, wherein he sustained injuries to his back. Mr. Bordelon filed a personal injury action against Leona Hayes and the Cutting Edge, CMHC, Inc. (her employer). The parties stipulated that Mrs. Hayes, who was acting in the course and scope of her employment, was solely responsible for the accident. The issues of medical causation and quantum remained in dispute.

After a trial by jury, the jury awarded Gene Bordelon a lump sum amount of $375,000 in special damages. General damages were awarded as follows:

| | |
|---|---|
| Past Mental Pain and Suffering | $200,000 |
| Future Mental Pain and Suffering | $300,000 |
| Past Physical Pain and Suffering | $200,000 |
| Future Physical Pain and Suffering | $350,000 |
| Permanent Scarring and Disfigurement | $0 |
| Past Loss of Enjoyment of Life | $200,000 |
| Future Loss of Enjoyment of Life | $200,000 |
| Permanent Disability | $500,000 |

The defendants filed a Motion for Judgment Notwithstanding the Verdict and, alternatively, a Motion for New Trial and/or Remittur [sic], asserting that the jury verdict was an abuse of discretion. The trial court denied the motion.

The defendants filed this appeal, alleging the jury award was abusively high. They also contend Gene Bordelon did not prove medical causation, and the trial court erred in excluding Dr. James Funk as an expert witness. Mr. Bordelon answered the appeal and asserted the lack of an award for permanent scarring and disfigurement was grossly inadequate, considering the evidence.

## LAW AND DISCUSSION

### *Standard of Review*

We review a jury's findings of fact utilizing a manifest error standard. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). After reviewing the record in its entirety, we must find that no reasonable factual basis exists for the jury's finding and that the finding is clearly wrong in order to reverse the jury's award. *Stobart v. State, through Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993). "[R]easonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable." *Rosell*, 549 So.2d at 844.

"[The causation] of a person's injuries is a question of fact which should not be reversed on appeal absent manifest error." *Housley v. Cerise*, 579 So.2d 973, 979 (La.1991).

"In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury." La.Civ.Code art.

2

2324.1. The jury's award of damages is a factual determination entitled to great deference on review. *Guillory v. Lee*, 09-75 (La. 6/26/09), 16 So.3d 1104. We will not disturb an award of damages unless we find the jury abused its very great discretion. *Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065.

### *Causation*

It is the defendants' contention that Gene Bordelon did not prove it was more probable than not that the rear-end collision of April 27, 2012, caused his injuries. The defendants argue that his obesity and smoking habit caused the lower level non-fusion.

On January 25, 2015, approximately three months before the vehicle accident, Gene Bordelon had a two-level posterior lumbar fusion involving the L-5/S-1 discs performed by Dr. Oberlander. To aid in the fusion, screws were surgically implanted to act as an internal clamp pulling the bones together. Six days after the surgery, Mr. Bordelon had an x-ray taken that showed no abnormality in the hardware. At Mr. Bordelon's February 7, 2012 post-operative appointment with Dr. Oberlander, the doctor reported that Mr. Bordelon was doing very well, and his back was improving. On March 6, 2012, the appointment notes show that Mr. Bordelon was doing well and another x-ray was taken. This x-ray also showed no abnormalities in the hardware.

The automobile accident occurred on April 27, 2012. Mr. Bordelon had another post-operative appointment on May 22, 2012. At that time, he had an x-ray taken that showed a broken pedicle screw in the lower level of the fusion. Mr. Bordelon did not see Dr. Oberlander again until September of 2012. Dr. Oberlander testified that he was hoping the bones would fuse despite the broken screw.

3

On September 25, 2012, Mr. Bordelon had a CAT scan taken which showed both lower level screws were fractured. Dr. Oberlander testified that, after laying the more sophisticated CAT scan over the x-ray, it was his opinion that both screws were broken on May 22, 2012, the first visit after the car wreck. Dr. Oberlander further testified that, if smoking caused the non-union, it would have affected the fusion at both levels. He stated that he has surgically implanted thousands of screws and has never before seen this brand of screw break. Finally, Dr. Oberlander testified that it was more probable than not that Mr. Bordelon's lower level screw broke as a result of the April 27, 2012 rear-end collision.

It is not for us to weigh the testimony of the witnesses or to make a determination regarding their credibility. Rather, we must determine whether there is evidence for which a reasonable basis exists for the jury's findings. After a review of the record, we find a reasonable basis does exist, and the finding is not clearly wrong.

### *Exclusion of Dr. James Funk*

In the defendants' Assignment of Error Number Two, they allege the trial court erred in excluding the testimony and report of defendants' expert in biomechanics, Dr. James Funk. This issue was previously reviewed by this court.

Prior to trial, the trial court granted the plaintiff's Motion in Limine to exclude the expert witness. The defendants filed an Application for Supervisory Writ from said ruling on March 31, 2014. On April 3, 2014, this court, in a unanimous decision, denied the writ and stated, "[w]e find no abuse of discretion in the trial court's ruling."

The plaintiff contends the "law of the case" doctrine applies to the writ ruling and cannot be disturbed. In *Kaleel v. Division Transport*, 00-803, pp. 1-2

(La. App. 3 Cir. 8/23/00), 769 So.2d 110, 111, *writ denied*, 00-2976 (La. 12/15/00), 777 So.2d 1232 (citations omitted), this court set forth an extensive discussion regarding the "law of the case" doctrine as follows:

> The supreme court has defined the doctrine of the law of the case as follows:
>
> > The law of the case principle relates to (a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.
>
> This court has further explained the law of the case doctrine as follows:
>
> > The law of the case doctrine "recognizes the binding force of trial court rulings during later stages of the trial...." The reasons for this doctrine are: (1) avoidance of indefinite litigations; (2) consistency of results in same litigation; (3) essential fairness between the parties; and, (4) judicial efficiency.
>
> > "[T]he doctrine is discretionary and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous."
>
> > Moreover, the doctrine applies with equal force to writ decisions as it does to judgments rendered at the conclusion of the appellate process.

On appeal, defendants contest the same ruling that was presented in their writ application and have not presented any new evidence or argument for our consideration. As such, we find the "law of the case" doctrine applies. We find no merit in this assignment of error.

### *Excessive Damages*

A jury is given great discretion in its assessment of both general and special damages. La.Civ.Code art. 2324.1. A court of appeal should rarely disturb an award of damages. *Rachal v. Brouillette*, 12-794 (La.App. 3 Cir. 3/13/13), 111 So.3d 1137, *writ denied*, 13-690 (La. 5/3/13), 113 So.3d 217. "It is only when the

award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert denied,* 510 U.S. 1114, 114 S.Ct. 1059 (1994).

"Special damages are those which theoretically may be determined with relative certainty, including medical expenses and lost wages." *Monte v. State Farm Mut. Auto. Ins. Co.*, 13-979, p.13 (La.App. 3 Cir. 5/21/14), 139 So.3d 1139, 1148, *writ denied*, 14-1289 (La. 9/26/14), 149 So.3d 267. "In reviewing a jury's factual conclusions with regard to special damages, [an appellate court] must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusions, and the finding must be clearly wrong." *Monte*, 139 So.3d at 1148. "A general damage award cannot be fixed with pecuniary exactitude." *Id.* at 1150. "An appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion." *Id.*

Regarding the special damages award, the jury awarded a lump sum amount of $375,000 to the plaintiff. This award included damages for past medical expenses, future medical expenses, lost wages and future lost wages. The medical expenses in this case are extensive. As a result of the broken screws, Mr. Bordelon underwent a second lumbar re-fusion surgery shortly before trial. Dr. Oberlander testified that the cost of this procedure is approximately $100,000. In the future, Mr. Bordelon will undergo another surgery in order to remove the broken posterior lumbar hardware. Dr. Oberlander testified this surgery will cost slightly less than

6

the lumbar fusion. Mr. Bordelon had numerous pre- and post-operative doctor visits in addition to prescription medication, x-rays, etc.

Mr. Bordelon was out of work in his job as supervisor at the Louisiana State Penitentiary for approximately eight months as a result of the accident. This equates to lost wages in the amount of $41,238.40. Mr. Bordelon testified that he also lost 1,628 hours of leave time accrued during his employment at Angola totaling $43,907.16. As a result of the future surgery, Mr. Bordelon will be totally restricted from work for approximately two months, which is approximately $9,000 in future lost wages.

Based on the evidence before us, we find a reasonable factual basis for the jury's award of special damages and do not find it clearly wrong. Consequently, we find no abuse of discretion in the jury's award.

Regarding the general damages award, the jury awarded the plaintiff $1,950,000 in total general damages. "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La.Civ.Code art. 2315; *Arabie v. Citgo Petroleum Corp.*, 10-334, p. 9 (La.App. 3 Cir. 10/27/10), 49 So.3d 985, 992, *writ denied*, 10-2618 (La. 5/4/12), 88 So.3d 449. "[A] defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct." *Arabie*, 49 So.3d at 992 (quoting *Am. Motorist Ins. Co. v. Am. Rent-All, Inc.*, 579 So.2d 429, 433 (La.1991)). "[W]hen the defendant's tortious conduct aggravates a pre-existing injury or condition, he must compensate the victim for the full extent of this aggravation." *Id.* (quoting *Lasha v. Olin Corp.*, 625 So.2d 1002, 1003 (La.1993)).

7

Gene Bordelon underwent a two-level posterior lumbar surgery approximately three months before the subject accident. Mr. Bordelon testified that the impact this surgery had on his back pain was like "night and day." He stated he felt like a new man. Clearly, the surgery was a success. At the time of the rear-end collision, he testified he heard a "pop" in his back and felt immediate pain. From this point on, he testified he was "miserable." His back pain had returned. He further testified that the second lumbar re-fusion surgery was "ten times worse than the first surgery." He was "sore from his head to his legs." He testified, "everything hurt." He stated that, after the second surgery, he had to wear a back brace every day and, also, a bone stimulator. He was required to wear these for at least four hours, every day, for at least three months post-surgery. He testified he underwent painful testing associated with the surgery. He was very limited in what tasks he could perform. He testified he had to have someone bathe him because he could not bathe himself. He was on pain medication and still takes medication for depression.

At trial, Dr. Oberlander stated that Mr. Bordelon would undergo another invasive surgery, post-trial, to remove the broken posterior lumbar hardware due to Mr. Bordelon's constant pain and discomfort. Dr. Oberlander testified that Mr. Bordelon can no longer lift anything over forty pounds and that his pain and physical limitations are permanent.

While the jury's award of general damages may be on the higher end, we cannot say that it amounts to an abuse of discretion. Based on the evidence before us, the jury was reasonable in determining that $1.95 million was an appropriate amount to award the plaintiff.

*Answer to Appeal*

In the plaintiff's answer to appeal, he argues the permanent scarring and disfigurement award should be modified. The jury failed to award any money to the plaintiff for this item of general damages. After a review of the record, we will not disturb the jury's lack of an award for permanent scarring and disfigurement.

*JNOV*

"In consideration of a motion for JNOV, the trial court determines whether the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable persons could not arrive at a contrary verdict." *Landry v. PSA of Lafayette, LLC*, 12-277, p. 14 (La.App. 3 Cir. 11/7/12), 120 So.3d 707, 717. "The trial court is required to deny the request for JNOV if evidence opposing the motion 'is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions.'" *Id.* The trial court may not evaluate the credibility of witnesses. *Id.* Further, the trial court must resolve all reasonable inferences or factual questions in favor of the non-moving party. *Id.*

Given that we have affirmed the jury verdict in every respect, we also affirm the trial court's denial of the motion for JNOV.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Cutting Edge, CMHC, Inc. and Leona Hayes.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-864

GENE BORDELON, JR., ET AL.

VERSUS

CUTTING EDGE, ET AL.

**GENOVESE, J., concurs in part, dissents in part, and assigns the following reasons:**

I agree with the majority in affirming the finding of medical causation and in affirming the jury's award of special damages. The evidence in the record presented to the jury establishes a reasonable factual basis for a finding of medical causation and for the jury's award as to special damages; hence, I concur in that specific award.

I disagree as to the entirety of the jury's general damage award and as to its failure to award general damages for permanent scarring and disfigurement. In my view, I find the overall damages for pain and suffering overlap and are, therefore, excessive and should be reduced in part. I likewise find a disparity in the loss of enjoyment of life award. The jury's awards for past and future loss of enjoyment of life were the same amounts. According to the evidence presented to the jury, the past loss of enjoyment of life does not and cannot logically be the same amount as the future loss of enjoyment of life for this approximately forty-year-old plaintiff. Plaintiff's future loss of enjoyment of life would obviously have to be greater than the loss of enjoyment of life from the time of the accident in question to the date of trial. Though I do not find the $200,000 award for plaintiff's future

loss of enjoyment of life to be excessive, it stands to reason that the past loss of enjoyment of life would be less and should be reduced accordingly and proportionately.

Finally, I disagree with the majority's failure to award any damages for the six-inch scar on plaintiff's abdomen as a result of his two-level fusion. The jury gave zero damages for permanent scarring and disfigurement. It is undisputed that he has the six-inch permanent scar on his abdomen as a result of his surgery. Therefore, he is entitled to a nominal award for permanent scarring and disfigurement. There is a rational and reasonable factual basis in the record to support an award for permanent scarring and disfigurement. Conversely, there is no reasonable and factual basis in the record to disallow same. In my view, the jury was manifestly erroneous in failing to award plaintiff any damages for permanent scarring and disfigurement.

For these reasons, I concur in part and dissent in part.