NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-564

SUCCESSION

OF

JAMIE LANDRY BROUSSARD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. P-133-04
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Van H. Kyzar, Judges.

**AFFIRMED.**

Alvin J. Chaisson #506940
Allen Correctional Center, Saturn B1-16
3751 Lauderdale Woodyard Road
Kinder, LA 70648
APPELLANT:
    In Proper Person

Timothy M. Cassidy
Cassidy Law Firm
P.O. Box 1446
Jennings, LA 70546
Phone (337) 824-7322
Fax (337) 824-7324
COUNSEL FOR APPELLEES:
    Succesion of Jamie Landry Broussard
    Timothy Michael Cassidy

**KYZAR, Judge.**

The appellant, Alvin J. Chaisson, appeals from a trial court judgment sustaining exceptions of no right of action and res judicata in favor of the appellees, the Succession of Jamie Landry Broussard and Timothy Michael Cassidy. For the reasons assigned, we affirm.

## DISCUSSION OF THE RECORD

The pertinent facts and history of this matter are fully set forth in our opinion in the companion case, *Alvin J. Chaisson v. Colby Garrett Broussard*, 18-559 (La.App. 3 Cir. _/_/_) (unpulished opinion). However, we note that this matter stems from an August 24, 2004 order allowing the administrator of the Succession of Jamie Landry Broussard to withdraw a certificate of deposit in the amount of $32,363.49, which was registered in the name of Alvin J. Chaisson or Jamie Landry Broussard with Jeff Davis Bank and Trust Company, and deposit the money in a succession account. A judgment of possession was rendered in the succession on July 13, 2005. In June 2007, Mr. Chiasson filed a petition in the succession, seeking the release of the certificate of deposit, which was denied by judgment of the trial court on July 2, 2007.[1]

On July 16, 2007, Mr. Chiasson filed a writ application with this court seeking reversal of the judgment of July 2, which we denied on September 14, 2007, finding no error in the trial court's ruling. *Succession of Jamie Landry Broussard*, 07-868 (La.App. 3 Cir. 9/14/07) (unpublished writ). Mr. Chiasson made no application to the supreme court for a review of our writ denial. Then, on April 22, 2009, he filed

---

[1] The record includes neither Mr. Chiasson's petition nor the trial court's July 2, 2007 judgment denying his request. However, Mr. Chiasson admits to these facts in both this matter and the companion case of *Alvin J. Chaisson v. Colby Garrett Broussard*, 18-559, La.App. 3 Cir. _/_/_) (unpublished opinion).

a "Motion to Annul Order" in the trial court, seeking the same relief sought in his June 2007 petition.

The instant appeal relates to the trial court's denial of exceptions of no right of action and res judicata filed on behalf of the Succession of Jamie Landry Broussard and Timothy Michael Cassidy (succession counsel) (referred to collectively as "the defendants") regarding the alleged conversion of the $32,363.49. The defendants asserted that Mr. Chaisson "ha[d] no standing, no justiciable interest, no cause of action nor does Mover have any right of action to proceed in this suit record under the ludicrous and outlandish allegations made." Regarding the exception of res judicata, the defendants alleged as follows:

> Respondent excepts to Mover's claims on the grounds of res judicata for the following reason: In June of 2007, Petitioner filed a similar claim for a return of money in this suit record, which claim was ultimately denied by Judge Ann[e] Lennan Simon. Petitioner appealed to the 3rd Circuit Court of Appeal, who denied the writ on September 14, 2007. No further action was taken therein and it is a final judgment without possibility of appeal.

Following a June 16, 2009 hearing, the trial court sustained the defendant's exceptions, and judgment was rendered on June 22, 2009, dismissing Mr. Chaisson's petition with prejudice. It is from this judgment that Mr. Chiasson perfected this appeal. However, his appellate brief raises the identical arguments made by him in his collateral attack on the same judgment, as found in the companion case. He makes no argument directly relating to the trial court's judgment in this matter.

Mr. Chiasson admits in his appellate brief that he filed the June 2007 petition, seeking the release of the certificate of deposit, and that his request was denied by Judge Anne Lennan Simon's July 2, 2007 judgment. He further admits that on July 16, 2007, he sought a supervisory writ on this judgment, which was denied by this court on September 14, 2007. As no further action was taken by Mr. Chiasson, the trial court's July 7, 2007 judgment is a final, non-appealable judgment.

2

Mr. Chiasson's current appeal seeks to raise the same allegations raised in his prior writ application. In *Suire v. Oleum Operating Co.*, 17-117, p. 18 (La.App. 3 Cir. 11/2/17), 235 So.3d 1215, 1229, *writs denied*, 18-279, 18-279 (La. 4/6/18), 239 So.3d 827, 240 So.2d 184 (alteration in the original), this court rendered a clear articulation of the application of the law of the case doctrine in reviewing matters previously decided by this court:

The "law of the case" doctrine provides that:

> [A]n appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. The law of the case doctrine is discretionary. Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results.

*Hernandez v. La. Workers' Comp. Corp.*, 15-118, p. 5 (La.App. 3 Cir. 6/3/15), 166 So.3d 456, 459 (citations omitted). Since the doctrine is discretionary, a prior appellate court ruling "does not preclude reconsideration of an issue on appeal, nor does it prevent the appellate court from reaching a different conclusion." *Id.* at 458. The doctrine also recognizes "the binding force of trial court rulings during later stages of the trial[.]" *Kaleel v. Div. Transp.*, 00-803, p. 1 (La.App. 3 Cir. 8/23/00), 769 So.2d 110, 111 (quoting Schultz v. Doyle, 98-1113, p. 5 (La.App. 3 Cir. 2/3/99), 727 So.2d 691, 693, *writ denied*, 99-994 (La. 5/28/99), 743 So.2d 670), *writ denied*, 00-2976 (La. 12/15/00), 777 So.2d 1232.

We find that the law of the case doctrine applies here. The identical issue was before this court on Mr. Chaisson's July 16, 2007 writ application, which we denied on September 14, 2007. Thus, we find that there was no manifest error in this court's decision, and there is no obvious injustice to Mr. Chaisson at this time given the prior consideration of his writ application.

Moreover, the instant appeal involves the same parties, the same cause of action, and the same relief demanded by Mr. Chaisson in his June 2007 petition. Mr. Chaisson's claim for the certificate of deposit was dismissed in the July 7, 2007 judgment, which became a final, non-appealable judgment once we denied his writ

3

application on September 14, 2014. La.R.S. 13:4231. Thus, we find no error in the trial court's judgment sustaining the defendant's exception of res judicata. Accordingly, we find no merit in Mr. Chaisson's appeal.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant, Alvin J. Chiasson.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

4