**Lane N. MELTZER, Plaintiff-Appellee Cross-Appellant,**

v.

**ROOF COATINGS, INC., et al., Defendants-Third-Party Plaintiffs-Appellants Cross-Appellees,**

v.

**TRAPMAR, INC., Third-Party Defendant-Appellee.**

No. 74–2355.

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1977.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

William L. Von Hoene, New Orleans, La., for Roof Coatings, Inc., et al.

Donald A. Meyer, New Orleans, La., for Lane N. Meltzer.

A. Morgan Brian, Jr., New Orleans, La., for Trapmar, Inc.

## ON PETITION FOR REHEARING

(Opinion August 6, 1976, 5 Cir. 1976, 536 F.2d 663)

Before AINSWORTH, MORGAN and RONEY, Circuit Judges.

### BY THE COURT:

Defendants, by their petition for a rehearing, seek a reduction of the damage award of $51,895.66 (affirmed by our opinion herein, 536 F.2d 663) to the sum of $42,500, stating to the Court that they are entitled to a credit for the amount paid by them to Barker's Department Store for its damages. The petition is opposed by plaintiff who states that though the judgment of $51,895.66 is subject to a credit of $7,578.40 paid to Barker's Department Store, the judgment should not be reduced to a flat $42,500 since plaintiff is entitled to interest on the original sum from date of judicial demand, subject to the credit; thus he desires to preserve what he contends is his right to receive interest from date of judicial demand on all sums unpaid until the time these sums are actually paid.

Thus it appears that defendants are entitled to a credit for the sum paid to Barker's Department Store, but we are unable from this record to determine the proper manner of allocating the credit. The procedure for doing so is appropriate for determination by the district court.

The case is remanded to the district court for appropriate disposition in view of the issues stated by the parties. The district court will therefore determine the manner of applying the credit for the payment made to Barker's Department Store, and render its judgment stating the exact amount in principal and interest which remains to be paid for the satisfaction of plaintiff's demand. In all other respects the petition for rehearing is DENIED.