706 So.2d 673 (1998)
Kenneth DUCOTE, et al., Plaintiff-Appellee/Appellant,
v.
CITY OF ALEXANDRIA, Defendant-Appellant/Appellee.
No. 97-947.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1998.
Rehearing Denied March 17, 1998.
Daniel Elmo Broussard, Jr., Alexandria, for Kenneth Ducote, et al.
James C. Downs, Alexandria, for Alex. Civil Service Commission.
*674 Leo Charles Hamilton, Baton Rouge, Charles Freeman Nunnally, III, Alexandria, for City of Alexandria.
Before DOUCET, C.J., and PETERS and SULLIVAN, JJ.
DOUCET, Chief Judge.
This is an appeal from the trial court's judgment in a class action awarding damages resulting from the Defendant's breach of the pay increase provisions of a union negotiated employment contract.
On November 13, 1987, the City of Alexandria (the City) and Local No. 1848 of the American Federation of State, County and Municipal Employees, AFL-CIO (the Union) executed a "Working Agreement" under which they agreed to wage increases as follows:
Employees who have been continuously employed without break in service of one (1) or more working days, for a period of six (6) months, shall be granted a one-step increase in pay. At the end of each twelve (12) month period thereafter, employees shall be granted one (1) additional step increase unless they are notified in writing the reason the increase was not effected. However, when funds are unavailable, a blanket notice to all shall suffice. Provided that no step increase shall exceed the maximum for the job classification under Civil Service pay plan.
The pay plan was to be effective from November 1, 1987 through July 30, 1990. Although city employees did receive increases in pay during that period, none was attributable to the anniversary-based step increases provided for in the agreement.
Because of the City's failure to comply with the working agreement, Kenneth Ducote, a city employee, sued on his own behalf and on behalf of the class of city employees covered by the agreement. The Alexandria Civil Service Commission intervened. A trial was held concerning liability in July 1993. As a result of the evidence and testimony adduced at that trial, the trial court determined that the City of Alexandria is liable for breach of the employment contract. In a previous appeal of this matter[1], we affirmed the trial judge's determination concerning liability.
On remand, the Plaintiffs moved to enlarge the class to include city employees not covered by the agreement. The trial court denied the motion. This court denied the Plaintiffs' application for writs, finding no error in the trial court's ruling[2]. The Louisiana Supreme Court also denied writs. The trial court held a hearing to decide the amount owed to each of the class members. In making his determination the trial judge relied on the report of a court-appointed special master. He granted each member of the class a sum representing losses through December 31, 1996, attributable to the failure to raise pay as provided by the agreement. The Plaintiffs, the City and the Intervenor appeal.

ENLARGEMENT OF CLASS
Three of the Plaintiffs' four assignments of error concern the court's refusal to enlarge the class. This court has addressed this issue on Plaintiffs' application for writs. At that time, we ruled that there was no error in the trial court's ruling. That ruling is the law of the case on this issue.
The law of the case doctrine "recognizes the binding force of trial court rulings during later stages of the trial...." Pitre v. Louisiana Tech University, 26,388, p. 1 (La.App. 2 Cir. 5/10/95); 655 So.2d 659, 664, writs granted, 95-1466, 95-1487 (La.10/6/95); 661 So.2d 454, reversed on merits, 95-1466, 95-1487 (La.5/10/96); 673 So.2d 585; see also Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). The reasons for this doctrine are: (1) avoidance of indefinite litigations; (2) consistency of results in same litigation; (3) essential fairness between the parties; and, (4) judicial efficiency.
Johnson v. Acadiana Ry. Co., 96-263 (La. App. 3 Cir. 4/16/97); 693 So.2d 226, 228-29. See also Louisiana Land and Exploration *675 Co. v. Verdin, 95-2579 (La.App. 1 Cir. 9/27/96); 681 So.2d 63, writ denied, 96-2629 (La.12/13/96); 692 So.2d 1067, cert. denied, ___ U.S. ___, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997). It is true that "[t]he doctrine is discretionary and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous." Trans Louisiana Gas Co. v. Louisiana Ins. Guar. Ass'n, 96-1477 (La.App. 1 Cir. 5/9/97); 693 So.2d 893, 896. However, we find no error in the prior decision. Therefore, we will not reconsider our previous ruling in this regard.

DAMAGE AWARD
The Defendant argues that the trial court erred in awarding damages representing losses through December 31, 1996, that is after July 31, 1990, the end of the contract term. Therefore, we will examine the correct measure of damages in this case.
"The measure of damages for a breach of contract is the sum that will place plaintiff in the same position as if the obligation had been fulfilled. Meltzer v. Roof Coatings, Inc., 536 F.2d 663 (5th Cir.1976)." Dixie Roofing Co. of Pineville, Inc. v. Allen Parish School Bd., 95-1526, 95-1527 (La. App. 3 Cir. 5/8/96); 690 So.2d 49, 56. In granting losses after the effective date of the contract, the trial court recognized that the effect of the failure to give pay raises during the period of the contract continues affecting salary into the future. Simply giving a lump sum representing losses up to July 31, 1990, would not be sufficient to put the class members in the position they would have occupied had the contract been fulfilled. That course would fail to recognize the cumulative effect of the failure to give the pay raises on the pay rate of those employees who continued to work past the end of the contract term and who had not reached the maximum pay rate.
The plaintiff argues that this award is insufficient in that it fails to recognize that the effect of the breach continued past December 31, 1996, on through the present. The record in this matter reflects that the question of the amount of the loss resulting from the breach of contract was submitted to a special master appointed by the trial court. The court appointed Leon Bergeron, a certified public accountant, to act as special master "in making the necessary determinations as to funds to be allocated as a result of a judgment herein." The court further asked that he contact the attorneys for the parties in the case "to set up a meeting where they can brief you on the status of this claim, and the purpose of your services." At trial, Bergeron testified that he made his determinations based on records gathered from the parties, including Alexandria Civil Service Commission Personnel Data Cards, a list of union membership during the contract period, the anniversary dates of the employees, the pay plans in effect at the time, a compilation of regular and overtime hours paid to the employees involved and the employee payroll records from the inception of the comtract through December 31, 1996. Based on this material, Bergeron determined the amount due each class member for the period July 1, 1988 through December 31, 1996. The court overruled counsel for Defendant's objection to the introduction of information regarding losses after the end of the contract term. However, the Plaintiffs failed to introduce any evidence regarding the continuation of damages past December 31, 1996. Neither did the Plaintiffs question Bergeron about the possibility that losses continued past December 31, 1996. Nothing of record suggests that the Plaintiffs were prevented from submitting information to Bergeron regarding continuing losses or that they were prevented from submitting their own expert testimony at the trial of this matter. "Plaintiffs have the burden of proving any damage suffered by them as a result of a breach of contract." AAA Brick Co., Inc. v. City of Carencro, 93-797, p. 6 (La.App. 3 Cir. 5/4/94); 640 So.2d 483, 485, writ denied, 94-1448 (La.9/30/94); 642 So.2d 870 (citations omitted). Given the record herein, we find that the Plaintiffs failed to carry their burden of showing that the losses continued past July 31, 1996.

DAMAGES TO DELAUNE AND JOHNSON
The Defendant asserts that the trial court erred in awarding damages to Robert *676 J. Delaune and Napoleon Johnson. The Defendant argues that because the two were superintendents from July 1, 1988 through July 30, 1990, the agreement did not cover them. The Plaintiffs stipulated to the fact that the two were, in fact, superintendents during that period. The agreement provides that:

Section 3: The term "employee" shall include all employees of the City in the classified service, with the exception of departmental superintendents and assistant superintendents. Notwithstanding anything to the contrary contained herein, any employee may belong to the Union, however, those employees who belong to the Union and are in an excluded class will not be covered by the terms of this Agreement.
Accordingly, it appears that neither of the two should be given credit for raises due while they were acting as superintendents. However, neither was a superintendent during the first nine months during which the contract was in effect. According to Section 1 of Article IX of the contract: "Employees who have been continuously employed without break in service of one (1) or more working days, for a period of six (6) months, shall be granted a one-step increase in pay." Under the terms of the contract, Delaune and Johnson would have received at least one step increase in pay during the nine month period before they became superintendents, depending on their anniversary dates. Bergeron testified that he considered the fact that some union members were superintendents during all or part of the contract term. The defendant failed to introduce any evidence suggesting that the loss amounts calculated by Bergeron for Delaune and Johnson were incorrect. Accordingly, we find no error in the awards to the two.

CONCLUSION
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Defendants.
AFFIRMED.
NOTES
[1] Ducote v. City of Alexandria, 95-1197 (La.App. 3 Cir. 3/6/96); 670 So.2d 1378.
[2] Ducote v. City of Alexandria, W97-214. An appeal on this issue was also dismissed.