822 So.2d 223 (2002)
Gerald BORDELON, et al.
v.
CITY OF ALEXANDRIA.
No. 02-48.
Court of Appeal of Louisiana, Third Circuit.
July 10, 2002.
Rehearing Denied August 14, 2002.
*224 Loren M. Lampert, Steven P. Mansour, William B. Allen, Alexandria, Counsel for Gerald Bordelon, et al.
Christine Lipsey, Leo C. Hamilton, Michael P. Fruge, Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, Howard B. Gist, III, Gist Methvin, Alexandria, Counsel for City of Alexandria.
James C. Downs, Alexandria, Counsel for Alexandria Civil Service Commission.
Court composed of HENRY L. YELVERTON, ULYSSES GENE THIBODEAUX and BILLIE COLOMBARO WOODARD, Judges.
THIBODEAUX, Judge.
In November 1989, municipal employee Kenneth Ducote and his union sued the City of Alexandria (hereinafter the "City"), individually and on behalf of certain City employees, regardless of union membership, to enforce the pay increase provision of a collective bargaining agreement. In July 1993, the trial court certified the Ducote class as all union member City employees, and we affirmed the certification. The Ducote plaintiffs later moved to include non-union employees in the class, and the Alexandria Civil Service Commission petitioned to intervene, arguing discrimination against similarly situated nonunion employees. We found no error with the trial courts denial of either. Funds were distributed to the class members pursuant to terms of a settlement agreement. The present plaintiffs are class-excluded non-union employees who base their suit against the City on not having received pay increases in an allegedly discriminatory manner. They now appeal the trial court's grant of the City's exceptions of prescription and no cause of action. The City answers and requests that we reverse the trial court's denial of its exception of res judicata. We affirm the judgment which granted the exception of prescription, rendering consideration of the remaining exceptions moot.

I.

ISSUES
We shall consider whether the trial court erred in granting the City of Alexandria's exception of prescription.

*225 II.

FACTS AND PROCEDURAL HISTORY
On November 13, 1987, the City of Alexandria and Local No. 1848 of the American Federation of State, County, and Municipal Employees, AFL-CIO (hereinafter "Union"), entered into a collective bargaining agreement, the "Working Agreement," Article IX of which addressed annual one-step increases in employee pay. In 1989, Mr. Kenneth Ducote was a municipal employee and a Union member. On November 8 of that year, he and the Union filed suit against the City, individually and on behalf of all past or present City employees (at all times herein, the term "employees" does not include fire, police, and bus employees) who were employed on or before July 1, 1988. On February 27, 1991, the suit was amended to include putative class representatives, Wilson Sarpy, Jr., Roosevelt Lee, and Roger Pryor.
The aim of the Ducote suit was to enforce the provisions of Article IX of the Working Agreement. The plaintiffs claimed that, because the Working Agreement was not properly enforced, they were unlawfully denied pay increases. In its Answer, the City denied that the Union was the collective bargaining agent for all City employees and claimed, rather, that it was the collective bargaining agent for Union member employees.
Trial on the merits was heard on July 14, 1993. On July 16, the trial court issued a written order, certifying the Ducote class as all Union member City employees who were municipally employed between July 1, 1988 and July 31, 1990 and who were eligible to receive the annual one-step pay increase on their anniversary date as provided in Article IX. The Ducote plaintiffs did not seek interlocutory review of the July 16 order. Thereafter, on March 22, 1994, the trial court issued a judgment of liability in favor of the class and against the City, declaring that the City had breached the Working Agreement and was liable to the class members for pay increases. The record was left open so as to allow counsel to negotiate an amount owed to each class member. The City appealed the class certification and liability rulings. The judgment was affirmed by this court in Ducote v. City of Alexandria, 95-1197 (La.App. 3 Cir. 3/6/96); 670 So.2d 1378.
On December 19, 1996, the Ducote plaintiffs moved to enlarge the class to not only Union member municipal employees as previously certified, but also non-Union municipal employees who were employed from July 1, 1998 to July 31, 1990. Meanwhile, on January 15, 1997, the Alexandria Civil Service Commission petitioned to intervene, alleging that exclusive payment to a class of Union member employees discriminated against similarly situated non-Union employees, in violation of the Alexandria Civil Service Law. The City opposed the motion to enlarge and the petition for intervention, arguing both res judicata and prescription. After a January 27 hearing, plaintiffs' motion to enlarge the class was denied, as was the Commission's request to intervene. Plaintiffs and intervenor filed writ applications with this court. We entered a judgment for each, finding no error in the trial court's ruling. Ducote v. City of Alexandria, 97-207 and 97-214 (La.App. 3 Cir. 4/10/97), writ denied, 97-0995 (La.4/18/97); 693 So.2d 727. While the Commission's application for writs to the Louisiana Supreme Court were pending, plaintiffs filed an April 2, 1997 appeal from the same trial court ruling. In an unpublished opinion, this appeal was adjudged as moot, since we had already addressed the correctness of the trial court's decision previously under our supervisory power. Since no appeal was available from that conclusion, the appeal became subject to our sua *226 sponte motion to dismiss. Ducote v. City of Alexandria, 97-616 (La.App. 3 Cir. 6/25/97); 696 So.2d 284.
On April 30, 1997, a damages judgment was entered against the City for the sum of $1,282,445.96, together with legal interest and costs. After appeal by both the City and the plaintiffs, we affirmed the trial court's judgment. Ducote v. City of Alexandria, 97-947 (La.App. 3 Cir. 2/4/98); 706 So.2d 673, writs denied, 98-1061 and 98-1070 (La.5/29/98); 720 So.2d 671. After judgment, the City and class members entered into settlement negotiations and, on November 25, 1998, the parties filed a joint motion to approve the settlement. A class settlement notice was published in the Alexandria Daily Town Talk, which advised of the proposed settlement and the opportunity to object thereto at the December 7, 1998 fairness hearing. A final order approving such was issued from the trial court on December 7, and on that same day, the Alexandria City Council appropriated funds to satisfy the settlement. The City then distributed funds to the class members in accordance with the terms of the settlement agreement.
The present plaintiffs are non-Union employees who were excluded from the class on July 16, 1993. On January 22, 1999, Mr. Gerald Bordelon and Mr. Glenn Pryor, Sr. filed this proceeding individually and on behalf of others similarly situated based upon having received no annual step increases in classified employee pay. While their suit does not prosecute an outright wage claim per se, it alleges that Ducote's outcome was discriminatory since Union employees were paid wages without class inclusion of non-Union employees. On March 31, 1999, the plaintiff class filed an unopposed motion for class certification. Thereafter, on January 31, 2001, the City filed peremptory exceptions of prescription, no cause of action, and res judicata. Written reasons for judgment were issued on April 12, 2001 granting the City's exceptions of prescription and no cause of action, and denying the exception of res judicata. The plaintiffs appeal the trial court's grant of the exceptions of prescription and no cause of action; the City answers and request that we reverse the denial of res judicata.

III.

LAW AND DISCUSSION

Exception of Prescription
The plaintiffs' petition classifies this suit not as a wage claim, but as one of employment discrimination. We disagree with this classification. The City did not use the plaintiffs' lack of Union membership as a basis for its refusal to pay them. In fact, the City defended itself through the course of this litigation from having to pay wages to any employee, Union membership status notwithstanding. In the end, the City was made to pay only Union members, not because the municipality chose to do so, but because only Union members comprised the classa class certified by the trial court and affirmed by this court. Nevertheless, we shall review this exception as if the claim was properly classified as one of employment discrimination. Out of an abundance of caution, we shall also review it as a wage claim.
Insofar as plaintiffs' claim may be classified as one of employment discrimination, it has prescribed. The plaintiffs allege that such discrimination is delictual in nature and, per La.Civ.Code art. 3492,[1] *227 is subject to a one year prescriptive period. Plaintiffs argue that because damages did not arise until the first voluntary payment of wages on December 7, 1998, their suit was timely filed on January 22, 1999. If plaintiffs had attempted to file their claim prior to such date, it is argued that the suit would have been premature, as damages would have been incalculable before that date.
In support of their argument, the plaintiffs' reliance on Harris v. Home Savings and Loan Ass'n, 95-223 (La.App. 3 Cir. 7/27/95); 663 So.2d 92, writ denied, 95-2190 (La.11/17/95); 664 So.2d 405 is misplaced. Harris held that in an action[2] for an alleged impermissible termination based upon age, the one year prescriptive period begins to run from the date of termination. Harris explained that there is no damage until there is a termination. In this case, however, the plaintiffs' damage is their exclusion from the class on July 16, 1993. On that date, they knew or should have known that they were being damaged by their exclusion from the class. The plaintiffs failed to file their claims within one year from July 16, 1993.
On January 15, 1997, the Alexandria Civil Service Commission petitioned to intervene, arguing discrimination of non-Union employees. The City opposed the petition, and the request to intervene was denied at a January 27, 1997 hearing. The Commission filed writ applications with this court, and we found no error in the trial court's ruling. The Commission's writs to the Louisiana Supreme Court were denied.
Paragraph 7 of the Commission's petition speaks to "disparate treatment [which] would constitute discriminatory treatment of nonunion employees...." Moreover, the petition prays that "the class as originally certified by this Honorable Court be enlarged pursuant to LSA CCP Article 593.1(B) and certified to include all city employees regardless of union membership...." In light of this language, the Bordelon plaintiffs knew or should have known in 1997 of the claimed discriminatory treatment. Therefore, they had one year from the finality of the denial of intervention to file their claim, or one year from April 18, 1997.
Insofar as plaintiffs' claim may be classified as a wage claim, we turn to La.Civ. Code art. 3494, which mandates that an action for recovery of payment of wages is subject to a liberative prescription of three years. The Ducote plaintiffs filed their wage claim lawsuit on November 8, 1989. Mr. Ducote brought the action as a class action on behalf of himself and all City employees, irrespective of Union membership. We agree with the City's observation that on this date, the three year prescriptive period for wage claims was interrupted for all putative class members, including the non-Union Bordelon plaintiffs. See Williams v. State, 350 So.2d 131, 137 (La.1977) ("[S]ince the class action is brought on behalf of all members of the class, its filing interrupts prescription as to the claims of all members of the class, whether they are noticed before or after the prescriptive delay has terminated.").[3] And "the tolling [i.e., interruption] of the statute of limitations ceases as soon *228 as the district court denies class certification." Smith v. Cutter Biological, 99-2068, p. 30 (La.App. 4 Cir. 9/6/00); 770 So.2d 392, 409 (quoting Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1382 (11 Cir.), cert. denied, 525 U.S. 1019, 119 S.Ct. 545, 142 L.Ed.2d 453 (1998)). See also Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 354, 103 S.Ct. 2392, 2398, 76 L.Ed.2d 628 ("Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action.").
If interruption of the statute of limitations ceases as soon as the trial court denies certification, then one may infer that such interruption does not continue through the process of appealing an order denying or limiting class certification. In Armstrong, 138 F.3d 1374, the court was faced with this precise issue, namely, "whether ... the statute of limitations begins to run again immediately upon the district court's entry of the interlocutory order denying class certification, or whether the statute remains tolled through final judgment in the former class action and completion of an appeal from the order denying class certification." Id. at 1378. The court held that the interruption of the statute of limitations ceased when the trial court entered an order denying class certification. Id.
Applying these legal tenets to the present facts, we conclude that the three year prescriptive period for an action for recovery of wages was interrupted when the Ducote suit was filed on November 8, 1989. When the trial court issued the order of July 16, 1993, certifying the Ducote class as all Union member employees, but denying class certification vis-à-vis non-Union member employees, the interruption of prescription for all Ducote putative class members ceased. Because interruption does not continue through an appeal from the order denying class certification, the prescriptive period fully accrued on July 16, 1996, three years after the denial of certification. Prior to full accrual, the non-Union members failed to seek interlocutory review of the order and failed to file their own suits or to intervene as plaintiffs in the action. Because the present suit was not filed until January 22, 1999, the action has prescribed.

Exceptions of No Cause of Action and Res Judicata

Affirming the trial court's grant of the exception of prescription effectively dispenses with this matter and obviates the need for any review of its grant of the exception of no cause of action or its denial of the exception of res judicata.

IV.

CONCLUSION
For the reasons set forth above, the judgment appealed from is affirmed so far as it grants the exceptions of prescription, rendering moot consideration of both the grant of the exception of no cause of action and the denial of the exception of res judicata.
All costs are assessed to plaintiffs.
AFFIRMED.
NOTES
[1] La.Civ.Code art. 3492: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."
[2] In the context of the Age Discrimination in Employment Act, La.R.S. 23:971 et seq.
[3] Effective July 1, 1997, Chapter 5 of the Louisiana Code of Civil Procedure was significantly revised, rendering the current articles inapplicable to the Ducote suit, which was filed on November 8, 1989.