|,CHARLES R. JONES, Judge.
The Appellant, Covenant Nursing Home, appeals the judgment of the Office of Workers’ Compensation awarding the Appellee, Ms. Jane Wallace, temporary total disability benefits from March 18, 1999 through July 18, 1999, and ordering repayment of any and all past due medical bills. We vacate the judgment of the Office of Workers’ Compensation and remand.
Ms. Jane Wallace was injured as a result of an altercation with a nursing home patient on March 18, 1999, while in the course and scope of her employment with Covenant Nursing Home (hereinafter “CNH”). Ms. Wallace filed a Worker’s Compensation Dispute Claim and a mediation conference was held on November 1, 1999.
The next day, CNH requested production of medical records from any physician from whom Ms. Wallace received treatment as a result of the accident. CNH maintains that Ms. Wallace did not timely honor the discovery requests, and that once she did answer the responses were insufficient. CNH filed a Motion to Compel, and subsequently a Motion to Dismiss. On June 21, 2000, the Office of Workers’ Compensation excluded from evidence the medical reports pertaining to the treatment of injuries sustained by Ms. Wallace, and denied CNH’s Motion to Dismiss. \9 Subsequently, Ms. Wallace provided a medical bill. Additionally, Ms. Wallace filed a Motion to Set Aside the ruling of June 21, 2000, which the workers’ compensation judge dismissed.
At trial, Ms. Wallace proffered the medical report and the medical bill previously excluded by the workers’ compensation judge. Judgment was rendered awarding temporary total disability benefits from March 18, 1999 through July 18, 1999, and repayment of any and all past due medical bills connected with the treatment of Ms. Wallace’s injuries. This timely appeal follows.
The first issue raised by CNH on appeal is whether the Office of Worker’s Compensation erred in awarding temporary total disability benefits to Ms. Wallace, and whether it was error to rely on medical bills excluded from evidence by virtue of a previous ruling of the court to reach said judgment.
CNH argues that both the medical report and the medical bill should have been excluded pursuant to the order excluding medical evidence and that the medical bill should have been considered a part of the medical report. CNH further argues that the ruling rendered by the workers’ compensation court had become the law of the *447 case. Ms. Wallace argued that she viewed the medical bill as separate from the medical report. After trial on the merits, the workers’ compensation court took this matter under advisement, and then rendered its judgment.
The workers’ compensation court considered the medical report and/or the medical bill in rendering its judgment in favor of Ms. Wallace. The record does not expressly state the reasons- the workers’ compensation court chose to consider evidence that it previously chose to exclude on two ^occasions; however, the workers’ compensation court has vast discretion in pretrial rulings.
CNH references the law of the case doctrine. CNH cites Ducote v. City of Alexandria, 97-947 (La.App. 3 Cir. 2/4/98), 706 So.2d 673, 674 to support its position that the law of the case doctrine “recognizes the binding force of trial court rulings during later stages of the trial” and that “[t]he reasons for this doctrine are: (1) avoidance of indefinite litigations; (2) consistency of results in the same litigation; (3) essential fairness between the parties; and (4) judicial efficiency.” However, CNH fails to mention that the doctrine also states that it is “discretionary and should not be applied where it would effectuate an obvious injustice or where the former appellate decision was clearly erroneous.” Ducote, 97-947 at p. 3, 706 So.2d at 675. The workers’ compensation court subsequently determined that the exclusion of the medical evidence was an obvious injustice.
Further, CNH argues that the medical documentation constitutes hearsay as it was not properly admitted into evidence by introduction through the testimony of a witness to certify the validity of the document, as well as failing to grant them the opportunity to cross-examine the witness. Ms. Wallace argues that the document can be admitted as an exception to the hearsay rule under La. C.E. art. 803.
Certified medical records can be entered into evidence without a witness. La. R.S. 13:3714 states that:
Whenever a certified copy or the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, or a copy of a bill for services rendered, medical narrative, chart, or record of any other state health care provider, as defined by R.S. 40:1299.39(A)(1) and any other health care provider as defined in R.S. 40:1299.41(A)(1), certified or attested to by the state health care Rprovider or the health care provider, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination.
In the instant case, the attestation by an appropriate administrator was absent; therefore, the medical records were not properly certified. The medical evidence must be properly certified in order to be admitted without a witness. State v. Day, 00-64 (La.App. 5 Cir. 5/30/00), 762 So.2d 264. Consequently, the medical records were not properly admitted.
Additionally, in attempting to avoid an injustice to Ms. Wallace by allowing the medical evidence to be admitted, the workers’ compensation court prohibited CNH from fully exercising its right to have the opportunity to cross-examine the witness or receive notice that the medical record would be admitted. Therefore, CNH must be afforded the opportunity to receive a *448 certified medical record, or the medical evidence must be admitted through a witness allowing CNH the opportunity to cross-examine said witness.
The second issue raised by CNH is whether CNH is required by law to pay medical bills not properly submitted by the healthcare provider. CNH argues that it is not required to pay medical bills that are not in compliance with either the HCFA 1500 form and the UB-92 form under section 5153C of the Louisiana Administrative Code. Ms. Wallace’s brief did not address this issue. CNH did not make this objection during trial and therefore cannot raise this issue on appeal. La. C.E. art. 103.
1 aDecree
For the reasons stated herein, we vacate the judgment of the district court and remand for a hearing consistent with this opinion.

VACATED AND REMANDED.

TOBIAS, J., CONCURS IN PART AND DISSENTS IN PART.