STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-246

GERALD BORDELON, ET AL.

VERSUS

CITY OF ALEXANDRIA

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 198,159
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and J. David Painter and Shannon J. Gremillion, Judges.

AFFIRMED.

Leo C. Hamilton
Breazeale, Sachse & Wilson, L.L.C.
P. O. Box 3197
Baton Rouge, LA 70821
(225) 387-4000
COUNSEL FOR DEFENDANT/APPELLEE:
    City of Alexandria

Howard B. Gist, III
The Gist Firm, APLC
4119 Parliament Drive
Alexandria, LA 71303
(318) 448-1632
COUNSEL FOR DEFENDANT/APPELLEE:
    City of Alexandria

**Charles E. Johnson, Jr.**
**City of Alexandria**
**P.O. Box 71**
**Alexandria, LA 71309-0071**
**(318) 449-015**
**COUNSEL FOR DEFENDANT/APPELLE**
**City of Alexandria**

**Steven P. Mansour**
**Attorney at Law**
**P. O. Box 13557**
**Alexandria, LA 71315**
**(318) 442-4855**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Glenn Pryor, Sr.**
**Gerald Bordelon**

**Jerold Edward Knoll**
**Laura B. Knoll**
**The Knoll Law Firm, L.L.C.**
**P.O. Box 426**
**Marksville, LA 71351**
**(318) 253-6200**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Glenn Pryor, Sr.**
**Gerald Bordelon**

**GREMILLION, Judge.**

In this long-running employment dispute, the plaintiffs/appellants, non-union employees of the City of Alexandria, appeal the trial court's judgment, which maintained an exception of prescription filed by the city. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The background details of this matter are more fully explained in *Bordelon v. City of Alexandria*, 02-48 (La.App. 3 Cir. 7/10/02), 822 So.2d 223, *writ denied*, 02-2390 (La. 11/22/02), 829 So.2d 1044, but we will briefly summarize them. In 1987, the city and Local 1848 of the American Federation of State, County, and Municipal Employees, AFL-CIO, entered into a collective bargaining agreement (CBA). The terms of the CBA required that the city grant a one-step pay increase. When that was not granted, an employee, Kenneth Ducote, filed a class action on behalf of all employees, past, present, and future. The trial court certified the class as only union member employees. The Ducote plaintiffs then attempted to enlarge the class to include non-union employees, but that request was denied. We denied applications for writs on April 10, 1997 in *Ducote v. City of Alexandria*, 97-207 and 97-214, and the Louisiana Supreme Court denied writs a week later. *Ducote v. City of Alexandria*, 97-0995 (La. 4/18/97), 693 So.2d 727.

The trial court awarded substantial damages to the class, and we affirmed. *Ducote v. City of Alexandria,* 97-947 (La.App. 3 Cir. 2/4/98), 706 So.2d 673, *writs denied,* 98-1061 and 98-1070 (La. 5/29/98), 720 So.2d 671. A class settlement notice was published in the *Alexandria Daily Town Talk,* advising of the proposed settlement and notifying interested parties of their opportunity to object at a December 7, 1998, fairness hearing. The trial court approved the settlement on December 7, and the Alexandria City Council appropriated funds to satisfy the

settlement that same day. The City then paid the class members according to the terms of the settlement agreement.

The plaintiffs/appellants are non-union employees who initiated a class action, filed on January 22, 1999, on behalf of all similarly-situated individuals who received no one-step increase in pay. Their class, which alleged that the *Ducote* outcome discriminated against them, was certified without objection. The city then filed an exception of prescription, which the trial court maintained and we affirmed. *Bordelon*, 822 So.2d 223.

Contemporaneous to the filing of the suit, plaintiffs initiated grievances before the Alexandria Civil Service Commission, alleging that the discriminatory payment violated Article 7-04(C) of the Alexandria City Charter, which prohibits union membership as a condition for city employment. In total, 385 grievances were consolidated before the civil service commission. The civil service commission ruled in favor of plaintiffs and ordered that they be paid pursuant to the same terms that the *Ducote* plaintiffs had. The city appealed the civil service commission ruling. On appeal to the trial court, the city re-urged its contention that the issue of pay to plaintiffs is prescribed. The trial court issued an order that the parties file briefs "as to why the appeal issues should not be treated in the same manner as Civil Suit No. 194,707 [*Bordelon*]."

The trial court ruled that the civil service commission's decision involved only questions of law and was not subject to review only for abuses of discretion. The trial court adopted our reasoning in *Bordelon* and found that the matter was prescribed. This appeal ensued.

## ANALYSIS

The plaintiffs argue that this matter is a claim for employment discrimination. They also made this argument in *Bordelon*. We disagreed with

2

that characterization, but nonetheless reviewed the matter as though it were a claim for employment discrimination:

> Insofar as plaintiffs' claim may be classified as one of employment discrimination, it has prescribed. The plaintiffs allege that such discrimination is delictual in nature and, per La.Civ.Code art. 3492, is subject to a one year prescriptive period. Plaintiffs argue that because damages did not arise until the first voluntary payment of wages on December 7, 1998, their suit was timely filed on January 22, 1999. If plaintiffs had attempted to file their claim prior to such date, it is argued that the suit would have been premature, as damages would have been incalculable before that date.
>
> In support of their argument, the plaintiffs' reliance on *Harris v. Home Savings and Loan Ass'n,* 95-223 (La.App. 3 Cir. 7/27/95); 663 So.2d 92, *writ denied,* 95-2190 (La.11/17/95); 664 So.2d 405 is misplaced. *Harris* held that in an action for an alleged impermissible termination based upon age, the one year prescriptive period begins to run from the date of termination. *Harris* explained that there is no damage until there is a termination. In this case, however, the plaintiffs' damage is their exclusion from the class on July 16, 1993. On that date, they knew or should have known that they were being damaged by their exclusion from the class. The plaintiffs failed to file their claims within one year from July 16, 1993.
>
> On January 15, 1997, the Alexandria Civil Service Commission petitioned to intervene, arguing discrimination of non-Union employees. The City opposed the petition, and the request to intervene was denied at a January 27, 1997 hearing. The Commission filed writ applications with this court, and we found no error in the trial court's ruling. The Commission's writs to the Louisiana Supreme Court were denied.
>
> Paragraph 7 of the Commission's petition speaks to "disparate treatment [which] would constitute discriminatory treatment of nonunion employees...." Moreover, the petition prays that "the class as originally certified by this Honorable Court be enlarged pursuant to LSA CCP Article 593.1(B) and certified to include all city employees regardless of union membership...." In light of this language, the *Bordelon* plaintiffs knew or should have known in 1997 of the claimed discriminatory treatment. Therefore, they had one year from the finality of the denial of intervention to file their claim, or one year from April 18, 1997.
>
> . . . .
>
> If interruption of the statute of limitations ceases *as soon as* the trial court denies certification, then one may infer that such interruption does not continue through the process of appealing an order denying or limiting class certification. In *Armstrong*[*v. Martin*

*Marietta Corp.*], 138 F.3d 1374 [(11th Cir.) *cert. denied*, 525 U.S. 1019, 119 S.Ct. 545 (1998)], the court was faced with this precise issue, namely, "whether. . .the statute of limitations begins to run again immediately upon the district court's entry of the interlocutory order denying class certification, or whether the statute remains tolled through final judgment in the former class action and completion of an appeal from the order denying class certification." *Id*. at 1378. The court held that the interruption of the statute of limitations ceased when the trial court entered an order denying class certification. *Id*.

Applying these legal tenets to the present facts, we conclude that the three year prescriptive period for an action for recovery of wages was interrupted when the *Ducote* suit was filed on November 8, 1989. When the trial court issued the order of July 16, 1993, certifying the *Ducote* class as all Union member employees, but denying class certification *vis-à-vis* non-Union member employees, the interruption of prescription for all *Ducote* putative class members ceased. Because interruption does not continue through an appeal from the order denying class certification, the prescriptive period fully accrued on July 16, 1996, three years after the denial of certification. Prior to full accrual, the non-Union members failed to seek interlocutory review of the order and failed to file their own suits or to intervene as plaintiffs in the action. Because the present suit was not filed until January 22, 1999, the action has prescribed.

*Bordelon*, 822 so.2d. *at* 226-28 (footnote omitted)(emphasis in original).

Appellants argue that *Bordelon* is not binding in this case because the claims of discriminatory treatment were not brought in that suit. According to appellants, the reason they filed the *Bordelon* suit was that the civil service commission had exclusive jurisdiction over the discrimination claims. However, this is not borne out by the record. Indeed, paragraph VII of the Petition for Damages in *Bordelon* reads as follows:

## VII.

Said distributions of funds [payment of the settlement with the *Ducote* plaintiffs] constitutes discriminatory practice, policy[,] custom, regulation, rule, act and/or omission against petitioners and others similarly situated based upon their political beliefs, in direct contravention of Article 10, Section 8 (B), of the Constitution of the State of Louisiana of 1974.

But it was not the distribution of the funds that harmed the plaintiffs; it was their exclusion from the *Ducote* class.

Accordingly, the matter is prescribed. The judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiffs/appellants, Gerald Bordelon and Glenn Pryor, Sr.

**AFFIRMED.**